# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONTRALE DEMARKO PHILLIPS (#464769)**

**VERSUS**

**LOUISIANA DEPT. OF PUBLIC SAFETY, ET AL.**

**CIVIL ACTION**

**NO. 18-185-SDD-RLB**

## ORDER

This matter comes before the Court on the plaintiff's Complaint. (R. Doc. 1-1).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that the defendants have been deliberately indifferent to his serious medical needs, retaliated against him, and been negligent in their duties.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that the plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[1]

---

[1] Cases filed by the plaintiff that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, *Dontrale Demarko Phillips v. John C. Simoneaux, et al.*, Civil Action No. 13-2438-DDD-JDK (W.D. La.); *Dontrale Demarko Phillips v. Rapides Parish, et al.*, Civil Action No. 13-1925-JTT-JDK (W.D. La.); and *Dontrale Phillips v. Rapides Parish Judge's Office, et al.*, Civil Action No. 15-0250-SDD-SCR (M.D. La.).

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action in forma pauperis, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998). An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

The plaintiff alleges that at some unspecified time, he was stabbed five times and has not received any treatment for his wounds. His original complaint also alleged that correctional officers were placing poisonous serpents / snakes in his cell on a daily basis, but that claim was not included in the amended complaint. His claim of imminent danger is therefore premised on inadequate medical care. The plaintiff has not provided the Court with any medical records or grievances to corroborate his allegations, or any allegations regarding the severity of any such wounds. As such, he has failed to demonstrate that he was under imminent danger of serious physical injury when he filed his Complaint. *See Stone v. Jones* 459 F. App'x. 442 (5th Cir. 2012).

The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury. Here, the plaintiff fails to show that his

circumstances warrant an exception to be made.  Notably, the instant ruling does not prohibit the plaintiff from pursuing his claims in federal court; it only denies him the privilege of proceeding without the payment of filing fees.  Accordingly, because the plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee.  Therefore:

**IT IS ORDERED** that the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee.  The filing fee must be paid in full in a single payment.  No partial payments will be accepted.  Failure to pay the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on April 23, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**